UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHPORT HEALTH SERVICES OF
ARKANSAS, LLC, et al.                                              PLAINTIFFS

v.                          No. 2:17-CV-02128

MARK WESLEY POSEY, individually and
as special administrator of the Estate of Clyde
Wesley Posey, and on behalf of the wrongful
death beneficiaries of Clyde Wesley Posey                          DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant's motion (Doc. 61) for attorney's fees and brief (Doc. 62) in support, and Plaintiffs' response (Doc. 63) in opposition. Defendant requests attorney's fees pursuant to Arkansas law, which allows that:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308. Defendant's motion will be denied.

On February 13, 2017, Defendant filed wrongful death lawsuit in the Circuit Court of Sebastian County, Arkansas. A contract between the decedent in that action and Plaintiffs here included an arbitration provision. Plaintiffs independently filed the action in this Court on July 28, 2017, seeking an order enjoining the pending state court proceedings and compelling arbitration pursuant to the Federal Arbitration Act. The Court granted Plaintiffs' requested relief, and Defendant appealed. On appeal, the United States Court of Appeals for the Eighth Circuit discussed an Arkansas Court of Appeals opinion, entered after this Court compelled arbitration, based on relevant factual circumstances nearly identical to those in this case. The Eighth Circuit

1

held in favor of Defendant that the arbitration provision was not enforceable against him, reversed this Court's ruling to the contrary, and remanded. After confirming with the parties that no additional matters remained before the Court on remand,[1] the Court entered judgment against Plaintiffs. The instant motion followed.

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *id.* at 247–68 (reviewing history of so-called "American Rule" on attorney's fees). The Court may depart from this general rule on the basis of a specific exception, such as a statutory provision through which Congress has allowed fees to the prevailing party, or a party's bad faith in litigating the matter. *See id*. at 271; *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) (discussing bad faith exception to American Rule). The Federal Arbitration Act itself does not provide an award of attorney's fees to a prevailing party. *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (noting absence of statutory basis for attorney's fees in the Federal Arbitration Act and declining to award attorney's fees on the basis of state law controlling merits of the arbitrated dispute). As with actions to confirm arbitration awards, such as the action at issue in *Menke*, the Federal Arbitration Act confers a limited role on district courts in suits seeking to compel arbitration and "makes no provision for taking of evidence on an issue such as attorneys' fees." *Id.* (quoting *Raytheon Co. v. Comput. Distrib., Inc.*, 632 F.Supp. 553, 560 (D. Mass. 1986)).

Because this matter was originally filed here, rather than removed in the state court action, the fee statute applicable in some removal cases, 28 U.S.C. § 1447(c), provides no relief. And nothing appears on the record in this Court that would support a finding that Plaintiffs' action in

---

[1] Defense counsel's response email indicated that he was "ready for the dismissal so that the State Court action can proceed."

this forum has been characterized by bad faith to an extent that the Court could award attorney's fees under its inherent authority. The only potential basis for fees is the allowance in Ark. Code Ann. § 16-22-308 for fees in an Arkansas breach of contract action. The action before this Court was an action to compel arbitration pursuant to the Federal Arbitration Act, not an Arkansas breach of contract action.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 61) is DENIED.

IT IS SO ORDERED this 30th day of October, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE